UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-81145-CIV-CANNON/McCabe

**SEAN T. WRIGHT**,

    Plaintiff,

v.

**15TH DISTRICT PALM BEACH COUNTY
STATE ATTORNEY OFFICE,
PALM BEACH COUNTY SHERIFF'S OFFICE and,
FRANK DI ORSINI**,

    Defendants.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF No. 33]**

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for a Temporary Restraining Order (the "Motion") [ECF No. 15]. The Motion was referred to Magistrate Judge Ryon M. McCabe for a report and recommendation [ECF No. 31]. On December 9, 2024, Magistrate Judge McCabe issued a report recommending that Plaintiff's Motion be denied (the "Report") [ECF No. 33]. Plaintiff filed Objections to the Report [ECF No. 38].[1] The Court has reviewed the Report [ECF No. 33], Plaintiff's Objections [ECF No. 38], and the full record.[2] For the reasons set forth below, the Report [ECF No. 33] is **ACCEPTED** and the Motion [ECF No. 15] is **DENIED**.

---

[1] Defendants filed a Notice of No Objection to the Report [ECF No. 34].

[2] Defendants have not filed a response to Plaintiff's objections, and the time to do so has elapsed. *See* Fed. R. Civ. P. 72(b)(2).

CASE NO. 24-81145-CIV-CANNON/McCabe

**RELEVANT BACKGROUND**

In September 2024, Plaintiff filed this pro se civil rights action against the Palm Beach County State Attorney's Office ("SAO"), the Palm Beach County Sheriff's Office ("PBSO"), and Deputy Sheriff Frank Di Orsini, an employee of PBSO [ECF No. 1]. The Complaint alleges that in August 2021, Plaintiff was injured while attempting to intervene in a domestic dispute between his neighbors [ECF No. 1 p. 5]. The Complaint alleges various constitutional violations by the Defendants including, inter alia, that PBSO failed to render timely medical care to Plaintiff; that PBSO improperly removed mail from his mailbox; that PBSO and SAO trespassed on his property to serve him with a subpoena and inspect his fence; and that PBSO and the SAO have committed various acts of misconduct against Plaintiff in connection with their investigation and prosecution of the neighbors who were involved in the domestic dispute [ECF No. 1 pp. 4–19].

A month after filing his Complaint, Plaintiff filed the instant Motion for a Temporary Restraining Order [ECF No. 15]. The Motion seeks a temporary restraining order preventing Deputy Di Orsini from, among other things, coming within 1,000 yards of Plaintiff's home or contacting witnesses to the domestic dispute unless Deputy Di Orsini first obtains a search warrant supported by probable cause [ECF No. 15 p. 2; ECF No. 16 p. 5]. The Report recommends that the Motion be denied [ECF No. 33]. Plaintiff has filed his objections [ECF No. 38]. The Report is ripe for adjudication.

**LEGAL STANDARD**

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or

modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

To be entitled to a temporary restraining order or a preliminary injunction, a plaintiff must show "that (1) he has a substantial likelihood of success on the merits, (2) he will suffer irreparable injury unless the injunction issues, (3) the injunction would not substantially harm the other litigant, and (4) if issued, the injunction would not be adverse to the public interest." *Long v. Sec'y, Dept. of Corrs.*, 924 F.3d 1171, 1176 (11th Cir. 2019) (citation omitted); *see also Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that issuance of a temporary restraining order is "the exception rather than the rule"). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Swain v. Junior*, 961 F.3d 1276, 1284 (11th Cir. 2020).

The Report recommends that the Court deny Plaintiff's Motion because Plaintiff has failed to show that he will suffer irreparable injury unless the injunction is issued [ECF No. 33 pp. 2–3]. Specifically, the Report explains that "Plaintiff has not demonstrated how his alleged injuries (medical injuries and trespass to his property) cannot be redressed by monetary damages" [ECF No. 33]. *See Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) ("An injury is 'irreparable' only if it cannot be undone through monetary remedies."). The Report also observes that Plaintiff seeks injunctive relief more than nine months after the latest alleged conduct in the Complaint, further weighing against a

3

CASE NO. 24-81145-CIV-CANNON/McCabe

finding of irreparable harm [ECF No. 33 p. 3 (citing *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) ("A delay in seeking a preliminary injunction of even only a few months—though not necessarily fatal—militates against a finding of irreparable harm."))].

Upon de novo review of the Report and Plaintiff's objections, the Court agrees with the Report's conclusion that Plaintiff has failed to show irreparable injury. Even affording Plaintiff grace as a pro se litigant, his objections are disjointed and largely incomprehensible [ECF No. 38]. Though Plaintiff does cite specific portions of the Report, the objections themselves consist almost entirely of erroneous, conclusory legal analysis along with prolonged discussion of exhibits and state court proceedings with no apparent connection to any of the four preliminary injunction factors [ECF No. 38]. To the extent Plaintiff may have attempted to vindicate his legal rights in state court prior to filing this action [*see* ECF No. 38 pp. 9–18], the record remains clear that he has not shown how he will suffer "imminent" irreparable harm now [ECF No. 16 pp. 5–14]. *Long*, 942 F.3d at 1176.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 33] is **ACCEPTED**.
2. Plaintiff's Motion for a Temporary Restraining Order [ECF No. 15] is **DENIED**.

**ORDERED** in Chambers at Fort Pierce, Florida, this 7th day of February 2025.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record