**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 24-81145-CIV-CANNON/McCabe**

SEAN T. WRIGHT,

     Plaintiff,

v.

**15TH DISTRICT PALM BEACH COUNTY**
**STATE ATTORNEY OFFICE,**
**PALM BEACH COUNTY SHERIFF'S OFFICE and,**
**FRANK DI ORSINI**,

     Defendants.

_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION [ECF No. 36]**

     **THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint (the "Motion") [ECF No. 23]. The Motion was referred to Magistrate Judge Ryon M. McCabe for a report and recommendation [ECF No. 31]. On December 17, 2024, Magistrate Judge McCabe issued a report recommending that Defendants' Motion be granted, and that Plaintiff's Complaint [ECF No. 1] be dismissed without prejudice (the "Report") with leave to amend [ECF No. 36]. Plaintiff filed Objections to the Report [ECF No. 40].[1] The Court has reviewed the Report [ECF No. 36], Plaintiff's Objections [ECF No. 40], and the full record.[2] For the reasons set forth below, the Report [ECF No. 36] is **ACCEPTED**, the Motion [ECF No. 23] is **GRANTED**, and Plaintiff is given **one final opportunity** to plead his claims by filing an amended pleading on or before **March 5**, **2025**, in accordance with this Order.

---

[1] Defendants filed a Notice of No Objection to the Report [ECF No. 37].

[2] Defendants have not filed a response to Plaintiff's objections, and the time to do so has elapsed. *See* Fed. R. Civ. P. 72(b)(2).

## RELEVANT BACKGROUND

In September 2024, Plaintiff filed this pro se civil rights action against the Palm Beach County State Attorney's Office ("SAO"), the Palm Beach County Sheriff's Office ("PBSO"), and Deputy Sheriff Frank Di Orsini, an employee of PBSO [ECF No. 1].  The Complaint alleges that in August 2021, Plaintiff was injured while attempting to intervene in a domestic dispute between his neighbors [ECF No. 1 p. 5].  The Complaint alleges various constitutional violations by the Defendants including, inter alia, that PBSO failed to render timely medical care to Plaintiff; that PBSO improperly removed mail from his mailbox; that PBSO and SAO trespassed on his property to serve him with a subpoena and inspect his fence; and that PBSO and the SAO have committed various acts of misconduct against Plaintiff in connection with their investigation and prosecution of the neighbors who were involved in the domestic dispute [ECF No. 1 pp. 4–19].

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).  To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record.  *Macort*, 208 F. App'x at 784.  Legal conclusions are reviewed de novo, even in the absence of an objection.  *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

The Report recommends that the Motion be granted, and that Plaintiff's Complaint be dismissed without prejudice, with leave to amend [ECF No. 36]. The Report gives two principal rationales for its conclusion that dismissal is warranted: first, that the SAO is immune from suit under the Eleventh Amendment; and second, that the Complaint is an impermissible shotgun pleading [ECF No. 36 pp. 2–8]. For the reasons explained below, and after considering Plaintiff's objections, the Court agrees with the Report's assessment.

### I.       Eleventh Amendment Immunity

As the Report correctly observes, "the SAO is an 'arm of the state' for purposes of the Eleventh Amendment, which grants states immunity from suits brought by private citizens in federal court" [ECF No. 36 p. 3 (citing *Perez v. State Attorney's Office*, No. 08-CV-1199-ORL-31KRS, 2008 WL 4539430, at *2 (M.D. Fla. Oct. 8, 2008)) (collecting case)]. Despite this clear bar to the claims against the SAO, Plaintiff asserts that the cases "ONLY HOLDS Florida Courts have held SAO is a 'arm of the state' NOT federal courts" [ECF No. 40 p. 4 (emphasis in original)]. Plaintiff is mistaken. As the Report explains, relying on ample authority, a State Attorney's Office is an "'arm of the state,' [that] falls within the ambit of the State's Eleventh Amendment immunity." *Cyber Zone E-Cafe, Inc. v. King*, 782 F. Supp. 2d 1331, 1337 (M.D. Fla. 2011) (collecting cases). Plaintiff's objections to this settled principle are without merit. Any future pleading shall not name the SAO as a Defendant in this action.

### II.      Rule Against Shotgun Pleadings

Second, the Report recommends dismissal of Plaintiff's Complaint as an impermissible shotgun pleading [ECF No. 36 pp. 4–7]. In reaching this conclusion, the Report correctly—and thoroughly—observes the following about Plaintiff's Complaint: (1) it fails to specify which of the multiple defendants in this case committed the acts charged in each count; (2) it does not

separate each legal cause of action into a separate count; and (3) it fails to allege clear, supporting facts logically tied to each legal claim [ECF No. 36 pp. 4–7].

Plaintiff's objections do not signal error in the Report's shotgun-pleading determinations.

First, as to the Complaint's failure to specify which counts relate to which Defendants, Plaintiff all but admits as much when stating in his objections that "Plaintiff can amend that Statement of Claim III Pro Se form to have a short direct statement that points to which defendant's [sic] committed and are complicit to which events" [ECF No. 40 p. 11]. On this issue, Plaintiff is reminded not to name the Palm Beach County Sheriff's Office as a party in any subsequent pleading, and that any an entity-level claim against the sheriff in his official capacity must comply with the rigorous standards set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978) [ECF No. 36 p. 5]. *See Ramsay v. Broward Cnty. Sheriff's Office*, 303 F. App'x 761, 763 n.1 (11th Cir. 2008) ("The proper defendant is Al Lamberti, in his official capacity as Sheriff of the Broward County Sheriff's Office.").

Second, a review of the Complaint confirms the Report's conclusion that the Complaint fails to separate each claim for relief into a different count. By way of example, Count 1 alleges that PBSO and SAO created a fraudulent probable cause affidavit concerning Plaintiff's neighbors, and then Plaintiff repeats this legal theory again in Counts 4, 6, 9, and 10 [ECF No. 1 pp. 7–19]. Similarly, Count 10 seems to be a complete regurgitation of all legal theories alleged in Counts 1 through 9 [ECF No. 1 pp. 18–19]. Plaintiff's objections on this point are without merit. In addition to baselessly accusing Judge McCabe of bias, Plaintiff contends that "Judge McCabe is saying [], [Plaintiff] cannot use the US District Court Florida Southern District Non-Prisoner 42 Section 1983 Complaint form [ECF No. 40 pp. 13–15]. Plaintiff is incorrect. As the Report explains, "[e]ven under the most liberal standard . . . the Court cannot decipher the legal theory of each count" [ECF No. 36 p. 6]. The Complaint remains, notwithstanding Plaintiff's objections, "a

hodgepodge of claims, potential claims, and boilerplate citations to miscellaneous state and federal laws" [ECF No. 36 p. 6].

Finally, and perhaps most fundamentally, the Court agrees with the Report that the Complaint fails to allege clear, supporting facts logically tied to each legal claim. As best the Court can tell, the crux of Plaintiff's Complaint is that he was a witness to a domestic dispute, and that in connection with investigating that dispute, PBSO and SAO did not make appropriate use of video evidence from his home video surveillance system [ECF No. 1]. How this series of events constitutes a violation of Plaintiff's rights remains unclear, even after reviewing Plaintiff's objections, which consist largely of conclusory labels regarding his purported status as an "indirect party"—without engaging with the Report's observation that the Complaint fails to allege injuries suffered by Plaintiff [ECF No. 40 pp. 17–18]. Accordingly, the Report correctly cautions Plaintiff that any amended pleading must be limited to claims alleging that Plaintiff personally suffered a particularized or concrete injury.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 36] is **ACCEPTED**.

2. Defendants' Motion to Dismiss Plaintiff Complaint [ECF No. 23] is **GRANTED** in accordance with the Report.

3. The Court will give Plaintiff **one final opportunity** to plead his claims. Any such amended pleading is due on or before **March 5, 2025**, and must fully comply with the well-reasoned analysis and instructions in the Report. Failure to file a compliant and timely amended pleading may result in dismissal of this action without further notice.

CASE NO. 24-81145-CIV-CANNON/McCabe

4. Plaintiff's Motions to Compel Certain Discovery Materials [ECF Nos. 45, 46] are

**DENIED WITHOUT PREJUDICE** to be refiled as applicable following a

judicial determination that Plaintiff's claims are permitted to proceed.

**ORDERED** in Chambers at Fort Pierce, Florida, this 19th day of February 2025.


**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record