UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-81145-CIV-CANNON/McCabe

**SEAN T. WRIGHT**,

    Plaintiff,

v.

**RICK BRADSHAW**,
*in his official capacity as Sheriff of Palm Beach County;* and
**FRANK DI ORSINI**,
*in his official and individual capacities*,

    Defendants.
_____/

**ORDER ACCEPTING WITH CLARIFICATION MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF No. 55]**

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") [ECF No. 52]. The Motion was referred to Magistrate Judge Ryon M. McCabe for a report and recommendation [ECF No. 53]. On April 18, 2025, Magistrate Judge McCabe issued a report recommending that Defendants' Motion be granted, and that Plaintiff's Amended Complaint [ECF No. 51] be dismissed with prejudice (the "Report") [ECF No. 55]. Plaintiff filed Objections to the Report [ECF No. 56].[1] The Court has reviewed the Report [ECF No. 55], Plaintiff's Objections [ECF No. 56], and the full record.[2] For the reasons set forth below, the Report [ECF No. 55] is **ACCEPTED**, the Motion [ECF No. 52] is **GRANTED**, and Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**, with the clarification that Counts 1 and 4 are dismissed without prejudice for lack of Article III standing

---

[1] Defendants filed a Notice of Non-Objection to the Report [ECF No. 57].

[2] Defendants have not filed a response to Plaintiff's objections, and the time to do so has elapsed. *See* Fed. R. Civ. P. 72(b)(2).

and that Counts 5 and 7 are alternatively dismissed without prejudice for lack of Article III standing and/or dismissed on the merits.

## RELEVANT BACKGROUND

In September 2024, Plaintiff filed this pro se civil rights action against the Palm Beach County State Attorney's Office ("SAO"), the Palm Beach County Sheriff's Office ("PBSO"), and Deputy Sheriff Frank Di Orsini, an employee of PBSO [ECF No. 1]. The Court dismissed the initial Complaint and allowed Plaintiff leave to amend to cure pleading deficiencies [ECF No. 50]. The Amended Complaint alleges claims against Rick Bradshaw in his official capacity as Sheriff of PBSO, as well as Deputy Sheriff Frank Di Orsini in both his official and individual capacities [ECF No. 51 pp. 1–3].[3] Like the original Complaint, the Amended Complaint alleges that Plaintiff attempted in August 2021 to intervene in a domestic dispute between his neighbors [ECF No. 51 pp. 4–5]. According to Plaintiff, in responding to and investigating this incident, PBSO and Deputy Di Orsini committed various constitutional violations including, inter alia, failing to make proper use of video evidence from Plaintiff's home video surveillance system, failing to render timely medical care to Plaintiff, improperly removing mail from his mailbox, trespassing on his property to serve him with a subpoena, and various acts of miscellaneous misconduct such as verbal harassment [ECF No. 51 pp. 4–15]. Based on these allegations, Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 [ECF No. 51 p. 5].

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822

---

[3] Like the Report, for purposes of this Order, Court regards the official-capacity claim against Deputy Di Orsini to be equivalent to the official-capacity claim against Sheriff Bradshaw, as both claims seek to hold PBSO liable as an entity.

(11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).  To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record.  *Macort*, 208 F. App'x at 784.

## DISCUSSION

The Amended Complaint alleges seven counts, each setting forth purported constitutional violations [ECF No. 51].  The Report carefully analyses each of the seven counts, concluding for various reasons that all seven claims should be dismissed [ECF No. 55].  Plaintiff objects to seemingly every aspect of the Report.  In over twenty pages, Plaintiff first contends that Judge McCabe applied the wrong legal standard and then attacks the Report's analysis of each of the seven claims [ECF No. 56].  Though Plaintiff separates his objections by count, substantively, the objections repeat the same erroneous points in meandering fashion and are rarely tied to the essential elements of Plaintiff's claims [ECF No. 56].  The Court has reviewed all of Plaintiff's objections and finds them to be without merit.[4]

I.     <u>Count 1 – Use of Plaintiff's Video Evidence</u>

The Report recommends that Count 1 be dismissed for lack of Article III standing because the Amended Complaint does not allege that Plaintiff, as opposed to his neighbors, was injured by

---

[4] Plaintiff's first objection—that the Report deploys the incorrect legal standard [ECF No. 56 pp. 1–2]—is without merit.  As the Report sets forth, "[i]n evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff" [ECF No. 55 p. 2 (citing *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008))].  Contrary to Plaintiff's insistence to the contrary, Judge McCabe was not required to hold an evidentiary hearing in this posture.  *See, e.g.*, *Johnson v. City of Atlanta*, 107 F.4th 1292, 1298 (11th Cir. 2024) (explaining that when ruling on a Rule 12(b)(6) motion, a court generally may not consider matters outside of the pleadings).

PBSO's failure to obtain and use Plaintiff's video footage of the domestic dispute [ECF No. 55 pp. 3–4]. Plaintiff objects, contending that he has "a legally protected right to not be misused as a case witness" and that he has incurred costs from having to attend court hearings and make pro se filings in the state court proceeding in connection with the domestic dispute [ECF No. 56 pp. 2–3]. As the Court cautioned Plaintiff upon dismissal of the original Complaint, any future "amended pleading must be limited to claims alleging that Plaintiff personally suffered a particularized or concrete injury" [ECF No. 50 p. 5]. The Court agrees with the Report that Count 1 of the Amended Complaint fails to set forth such facts. Simply put, grievances regarding the police's non-use of Plaintiff's video footage of the domestic dispute of some third party does not constitute an injury sufficient to confer Plaintiff with Article III standing to bring this suit in federal court. Indeed, it is a "well-settled principle that a section 1983 claim must be based on the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990). Nor can Plaintiff create standing by inserting himself and filing requests in his neighbor's state court proceedings.

II.     Count 2 – Denial of Medical Care

In Count 2, Plaintiff alleges that he sustained an arm injury during the domestic dispute between his neighbors and that PBSO violated his constitutional rights by denying him medical care at the scene until Plaintiff made an official statement [ECF No. 51 pp. 5, 8–9]. As the Report observes, because Count 2 names Sheriff Bradshaw in his official capacity, the demanding requirements for proving municipal liability set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and its progeny apply. Under *Monell*, a municipality such as Palm Beach County is subject to liability under Section 1983 when its policy or custom is the "moving force" that inflicts injury on an individual in violation of their constitutional rights. *Id.* at 694. "A municipality cannot be held liable under [Section] 1983 on a respondeat superior theory." *Id.* at

691. To that end, to state a plausible claim for Section 1983 liability against a municipality, a plaintiff must allege facts showing that (1) his constitutional rights were violated, (2) the municipality had a custom or policy that constituted deliberate indifference to his constitutional rights, and (3) the custom or policy caused the constitutional injury. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). To satisfy the deliberate indifference prong, a plaintiff may identify either (1) an officially promulgated policy or (2) an unofficial custom through the repeated acts of a final policymaker. *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003).[5] "This prevents the imposition of liability based upon an isolated incident." *McDowell*, 392 F.3d at 1290.

Applying *Monell*, the Court agrees with the Report that Count 2 is due to be dismissed because "Plaintiff has not alleged facts to show that PBSO's alleged deliberate indifference to serious medical needs was caused by an official policy, rule, or regulation adopted by PBSO; or by an informal, but widespread, custom or practice followed by PBSO; or by a training deficiency on the part of PBSO" [ECF No. 55 p. 7]. Plaintiff's objection on Count 2 quotes large portions of *Monell* with no application of the facts here and then erroneously accuses Judge McCabe of "misquot[ing] *Monell*" and relying on "overruled case precedent" [ECF No. 56 pp. 4–5]. Plaintiff eventually declares that there was "deliberate indifference" and a "failure to train PBSO Deputy's [sic] on 8/04/2021 about dealing with injured case witnesses" [ECF No. 56 pp. 5–6]. But such allegations are absent from the Amended Complaint. And in any case, simply using the words "deliberate indifference" and a "failure to train"—with no supporting facts—falls short of the demanding requirements for pleading municipal liability under *Monell*. *See, e.g.*, *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1328–29 (11th Cir. 2015) (upholding the dismissal of a

---

[5] In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Though Plaintiff makes passing reference to a failure to train theory in his objections, there are no such allegations in the Amended Complaint.

CASE NO. 24-81145-CIV-CANNON/McCabe

*Monell* claim that contained only conclusory allegations; failed to "allege a pattern of similar constitutional violations by untrained employees"; and clearly "[arose] from a single incident and the actions of two deputies").[6]

III.     Count 3 – Warrantless Search of Mailbox

Plaintiff's copy-and-pasted *Monell* objections from Count 2 fare no better with respect to Count 3 for the same reasons.  Count 3 alleges that PBSO violated Plaintiff's constitutional rights by removing mail from his mailbox without a warrant [ECF No. 51 pp. 9–10].  Here too, the Court agrees with the Report that Count 3 fails to satisfy *Monell*.  While the Amended Complaint alleges that on a single occasion, PBSO violated Plaintiff's Fourth Amendment rights by removing mail from his mailbox without a warrant, absent something more, "a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality opinion); *see also Smith v. City of Johns Creek*, No. 24-10815, 2025 WL 313165 at *5 (11th Cir. Jan. 28, 2025) (affirming dismissal of *Monell* claim where only a single incident of unconstitutional activity alleged).  Accordingly, even if removing Plaintiff's mail was an unconstitutional violation, it would not be sufficient to impose liability on PBSO.

IV.     Count 4 – False Probable Cause Affidavit in Prosecution of Neighbor

Count 4 alleges that PBSO violated Plaintiff's constitutional rights by filing a false affidavit in connection with the state prosecution of Plaintiff's neighbors [ECF No. 51 p. 10].  Much like Count 1, the Court agrees with the Report that the allegations in Count 4 do not constitute an injury *to Plaintiff*, and therefore must be dismissed for lack of Article III standing.  Plaintiff resists this conclusion by again insisting that he has "a legally protected right to not be misused as a case

---

[6] In addition to Plaintiff's failure to plead *Monell* liability, the Court also agrees with the Report that even Count 2 fails to allege facts supporting a claim for deliberate indifference to serious medical needs in violation of the Fourteenth Amendment, even when liberally construing Plaintiff's allegations.

witness" [ECF No. 56 p. 10]. Plaintiff offers no authority to support his contention that he, as a witness, has a cognizable legal interest in the state prosecution of some third party. More fundamentally, Article III standing requires more than merely declaring one has a legally protected interest; it requires a plaintiff to show that "he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). And there are no facts in the Amended Complaint suggesting that alleged misconduct in the case of a third-party would cause *Plaintiff* to suffer an injury sufficient to confer Article III standing.

V.  Count 5

Count 5 names PBSO as well as Deputy Di Orsini in his individual capacity [ECF No. 51 p. 11]. First, as to PBSO, Plaintiff alleges that PBSO officers trespassed on his property on two occasions and that PBSO officers unlawfully threatened Plaintiff [ECF No. 51 p. 11]. Next, as to Deputy Di Orsini, Plaintiff alleges that Di Orsini violated a state non-contact order between him and Plaintiff, that he harassed Plaintiff, and that Deputy Di Orsini tampered with evidence in the neighbor's domestic dispute case [ECF No. 51 p. 11]. The Report recommends that Count 5 be dismissed as to PBSO for failure to allege facts showing a plausible theory of *Monell* liability [ECF No. 55 p. 9]. And as for Deputy Di Orsini, the Report concludes that Count 5 fails to state a claim and fails to allege facts to overcome qualified immunity [ECF No. 55 pp. 10–13]. The Court agrees on all fronts.

Beginning with PBSO, the Court agrees with the Report that the Amended Complaint fails to allege facts showing a plausible theory of *Monell* liability. Again, Plaintiff has not alleged facts to show that PBSO's alleged actions were caused by an official policy, rule, or regulation adopted by PBSO; or by an informal, but widespread, custom or practice followed by PBSO; or by a training deficiency on the part of PBSO as is necessary to state a viable *Monell* claim. *See supra*

p. 5.  Arguing otherwise, Plaintiff says the allegations in the Amended Complaint "span[] over 3 years," and do not allege 'isolated incidents' as the Report suggests [ECF No. 55 p. 10; ECF No. 56 p. 10].  While the saga apparently initiated by the August 2021 domestic dispute now can be measured in years, the Report correctly observes that Count 5 alleges a handful of isolated events that cannot form the basis of a viable *Monell* claim.  *See Depew v. City of St. Marys*, 787 F.2d 1496, 1499 (11th Cir. 1986) ("Normally, random acts or isolated incidents are insufficient to establish a custom or policy.").

Next, as to Deputy Di Orsini, Plaintiff levels several disjointed attacks on the Report's analysis—spanning from contending that Judge McCabe applied the wrong legal standard by citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to raising specific factual distinctions between the cases cited in the Report and this case [ECF No. 56 pp. 10–15].  This scattershot approach to objections fails.  As the Report aptly explains, Count 5 as to Deputy Di Orsini fails because (1) verbal threats and harassment, without accompanying physical action or tangible harm, are generally not actionable under § 1983; (2) the alleged violation of a state court no-contact order does not give rise to a plausible § 1983 claim because such claims must be predicated on the deprivation of a federal right; and (3) for the same reasons discussed above, the Amended Complaint does not does not allege facts setting forth how alleged evidence tampering in a third-party's case would cause Plaintiff to suffer a cognizable and concrete injury [ECF No. 55 pp. 10–11].  Plaintiff's objections do nothing to undermine these points.

Lastly, the Court agrees with the Report that Deputy Di Orsini is entitled to qualified immunity, because Count 5 fails to allege any constitutional violations, let alone any "clearly established" constitutional violations.

VI. <u>Count 6 – Serving Subpoenas</u>

In Count 6, Plaintiff names PBSO as well as Deputy Di Orsini in his individual capacity and alleges that, in late 2023, PBSO process servers trespassed on his property multiple times to serve subpoenas despite "No Trespassing" signs, a fence, and gate [ECF No. 51 pp. 12–13]. The Report recommends that Count 6 be dismissed as to PBSO because the Amended Complaint fails to allege facts showing a plausible theory of *Monell* liability [ECF No. 55 p. 13]. The Report also recommends dismissal as to Deputy Di Orsini because (1) a law enforcement officer does not violate the Fourth Amendment by merely entering a person's property to serve a subpoena; and (2) Count 6 fails to allege facts to overcome the doctrine of qualified immunity [ECF No. 55 pp. 13–14]. The Court concurs with the Report's analysis.[7] The Eleventh Circuit has never held that an officer violates a person's Fourth Amendment right by approaching their home to serve a subpoena, even with the presence of no trespassing signs or the like. *Cf. United States v. Taylor*, 458 F.3d 1201, 1204 (11th Cir. 2006); *United States v. Holmes*, 143 F. Supp. 3d 1252, 1258 (M.D. Fla. 2015), *aff'd*, 770 F. App'x 1013 (11th Cir. 2019). Plaintiff cites no binding authority to the contrary. The Court agrees with the Report that Deputy Di Orsini did not violate Plaintiff's constitutional rights entering his property to serve a subpoena. Count 6 fails to allege a constitutional violation.[8]

---

[7] Plaintiff's lone objection on Count 6 as it pertains to PBSO again relies on his mistaken argument that the Report misquotes and misapplies *Monell*, which the Court has already rejected. *Supra* pp. 4–5.

[8] Even if there were an argument to be made, drawing on unpublished out-of-circuit authority, that the presence of no trespassing signs and a locked fence/gate could undermine the validity of Deputy Di Orsini's actions [ECF No. 56 p. 17 (citing *Edens v. Kennedy*, 112 F. App'x 870, 875 (4th Cir. 2004).], none of that would signal a violation of a "clearly established" constitutional right in this Circuit as would be required to overcome qualified immunity. *See Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001) (explaining that an entitlement to qualified immunity "raised . . . on a motion to dismiss . . . will be granted if the complaint fails to allege the violation of a clearly established constitutional right").

VII.    Count 7

Finally, Count 7 contains another flurry of allegations against PBSO and Deputy Di Orsini, including that they conspired with the State Attorney's Office to interfere with Plaintiff's quiet enjoyment of his property, threatened and harassed Plaintiff, orchestrated "stag[ed]" incidents outside his home, and tampered with witnesses in the domestic dispute case [ECF No. 51 pp. 13–15].  Navigating this morass, the Report recommends that Count 7 be dismissed because (1) the Amended Complaint fails to allege facts showing a plausible theory of *Monell* liability; (2) the right to quiet enjoyment of one's property is a state-defined property right, not a constitutional right; (3) the alleged staged events outside of Plaintiff's property do not implicate his Fourth Amendment rights; (4) threats and verbal harassment are not generally actionable under Section 1983; (5) Plaintiff lacks standing to bring suit for alleged witness tampering in a third party's case; and (7) Deputy Di Orsini is entitled to qualified immunity [ECF No. 55 pp. 14–16].

Plaintiff's objections to Count 7 are simply repeat arguments from other portions of his objections [ECF No. 56 pp. 19–20].  The only remotely specific objection the Court can identify is Plaintiff's claim that he brings "a procedural due process claim" having to do with the quiet enjoyment of his home, despite his concession that quiet enjoyment is a state-defined right [ECF No. 56 pp. 18–19].  This argument fails.  No procedural due process claim is pled in the Amended Complaint.  Nor does Count 7 identify any federally protected right that would trigger liability under the Due Process Clause.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 55] is **ACCEPTED**.
2. Defendants' Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 52] is **GRANTED**.

3. Plaintiff's Amended Complaint [ECF No. 51] is **DISMISSED WITH PREJUDICE**, with the clarification that Counts 1 and 4 are dismissed without prejudice for lack of Article III standing and that Counts 5 and 7 are alternatively dismissed without prejudice for lack of Article III standing and/or dismissed on the merits.[9]

4. The Clerk shall **CLOSE** this case.

**ORDERED** in Chambers at Fort Pierce, Florida, this 1st day of August 2025.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:   counsel of record

---

[9] In its Order granting Defendant's Motion to Dismiss Plaintiff's original Complaint, the Court cautioned Plaintiff that the Amended Complaint would be his "final opportunity" to plead his claims [ECF No. 50 p. 5]. Plaintiff does not ask for further leave to amend, and having considered the objections in full and the entire record, the Court agrees with the Report that dismissal with prejudice is appropriate.